JUDGE KRAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA           :     <u>SUPERSEDING</u>
                                         <u>INDICTMENT</u>

         - v. -                    :     S1 06 Cr. 477

HUSSEIN KARIMI,                    :
  a/k/a "Hussein Karimi Rikabadi",
  a/k/a "Hossein Salim Khani",     :

              Defendant.           :
- - - - - - - - - - - - - - - - - -x

<u>COUNT ONE</u>

The Grand Jury charges:

1. From in or about 1998, up to and including in or about March 2007, in the Southern District of New York and elsewhere, HUSSEIN KARIMI, a/k/a "Hussein Karimi Rikabadi," a/k/a "Hossein Salim Khani," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of said conspiracy that HUSSEIN KARIMI, a/k/a "Hussein Karimi Rikabadi," a/k/a "Hossein Salim Khani," the defendant, and others known and unknown, would and did distribute a controlled substance, to wit, one kilogram and more of a substance containing a detectable amount of heroin, intending and knowing that such substance will be unlawfully imported into the United States, in violation of Sections 959, 960(a)(3) and 960(b)(1)(A) of Title 21, United States Code.

3. It was a further part and an object of said conspiracy that HUSSEIN KARIMI, a/k/a "Hussein Karimi Rikabadi," a/k/a "Hossein Salim Khani," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof one kilogram and more of a substance containing a detectable amount of heroin, in violation of Sections 812, 952(a), and 960(b)(1)(A) of Title 21, United States Code.

<u>Means And Methods Of The Narcotics Conspiracy</u>

4. Among the means and methods by which HUSSEIN KARIMI, a/k/a "Hussein Karimi Rikabadi," a/k/a "Hossein Salim Khani," ("RIKABADI") the defendant, and his co-conspirators would and did carry out the narcotics conspiracy were the following:

    a. Since in or about 1998, RIKABADI, the defendant, led an international heroin-trafficking organization (the "Rikabadi Organization") that controlled the importation and distribution of thousands of kilograms of Southwest Asian heroin. RIKABADI purchased the heroin from suppliers in Afghanistan and Pakistan. RIKABADI then arranged for the heroin to be transported from Afghanistan and Pakistan through Iran and Turkey, among other countries. Finally, RIKABADI arranged for the heroin to be imported into the United States, Canada, and Western European countries, among other places, and sold for hundreds of millions of dollars.

b. During the course of the conspiracy, RIKABADI controlled the heroin-trafficking activities of the Rikabadi Organization from locations in Romania. RIKABADI used several locations in Bucharest, Romania, among other places, to conduct meetings with co-conspirators to coordinate the purchase, transportation, and ultimate distribution of the Rikabadi Organization's heroin.

## OVERT ACTS

5. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

a. In or about 1998, HUSSEIN KARIMI, a/k/a "Hussein Karimi Rikabadi," a/k/a "Hossein Salim Khani," the defendant, and other co-conspirators not named as defendants herein arranged to import a portion of a 213-kilogram shipment of heroin into Canada and the United States.

b. In or about August 2004, RIKABADI, the defendant, spoke over the telephone with a co-conspirator not named as a defendant herein in Pakistan about the arrest of associates of the Rikabadi Organization.

c. In or about 2005, RIKABADI, the defendant, and other co-conspirators not named as defendants herein arranged to

3

import a portion of a 136-kilogram shipment of heroin into Canada and the United States.

(Title 21, United States Code, Section 963.)

FORFEITURE ALLEGATION

6. As a result of committing the controlled substance offense alleged in Count One of this Indictment, HUSSEIN KARIMI, a/k/a "Hussein Karimi Rikabadi," a/k/a "Hossein Salim Khani," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting and derived from any proceeds that the said defendant obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment including, but not limited to, the following: a sum of money equal to approximately $100 million in United States Currency, representing the amount of proceeds obtained as a result of the controlled substance offense for which the defendant is liable.

### Substitute Assets Provision

7. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Sections 963 and 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

- v -

**HUSSEIN KARIMI,**
    a/k/a "Hussein Karimi Rikabadi,"
    a/k/a "Hossein Salim Khani,"

**Defendant.**

### INDICTMENT

S1 06 Cr. 477

21 U.S.C. § 963

_____
MICHAEL J. GARCIA
United States Attorney.

_[signature]_
Foreperson